590

## BARNHART et al. v. JOHN B. ROGERS PRODUCING CO.

Civ. No. 7453.

United States District Court
W. D. Pennsylvania.

Jan. 6, 1950.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

John M. Reed, Pittsburgh, Pa., for defendant.

MARIS, Circuit Judge.

The present suit was brought against an Ohio corporation for the recovery of damages due to its alleged negligence. Asserting that service could not be made in accordance with Pennsylvania Civil Procedure Rule 2180, paragraphs (a) or (b), 12 P.S.Appendix, for the reason that defendant did not have an officer or agent in the State of Pennsylvania upon whom service could be had, the plaintiff petitioned this court for an order under paragraph (c) of that rule directing the Sheriff of Fayette County to serve the summons and complaint upon the Secretary of the Commonwealth and the defendant at its home office in Ohio, both by registered mail. Such an order was entered, improvidently, as we now realize, and service was made accordingly. The defendant now moves to dismiss the complaint for want of jurisdiction, alleging the invalidity of the service. The motion must be granted.

This is a diversity case. But in it, as in all other civil actions in the federal district courts, service of process is governed primarily by Federal Civil Procedure Rule 4, 28 U.S.C.A. That rule has two sections pertinent to this question, as follows:

"(d) Summons: Personal Service. * * * Service shall be made as follows:

*   *   *   *   *   *

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering

a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

\* \* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

\* \* \* \* \* \*

"(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

It will be observed that Rule 4 authorizes a foreign corporation to be served in the manner prescribed by the law of the state for service upon a foreign corporation in an action brought in the state courts of general jurisdiction, Rule 4(d) (7), but the service must be within the territorial limits of the state unless a federal statute otherwise provides. Rule 4(f). The Pennsylvania law here relied upon by the plaintiff is Pennsylvania Civil Procedure Rule 2180(c). That rule is as follows: "(c) If service cannot be made under any of the methods set forth in subdivision (a) or (b) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

As Judge Goodrich pointed out in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194: "There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend. 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

Here the state law, Civil Procedure Rule 2180(c), is very broad and in terms appears to cover the present case. Undoubtedly the extraterritorial service by mail upon the defendant in Ohio falls directly under the ban of Federal Civil Procedure Rule 4(f) against extraterritorial service and must, therefore, be disregarded.[1] But the service upon the Secretary of the Commonwealth does not offend the extraterritorial rule. We accordingly reach the second question, namely, whether

---

1. In view of the ban of Federal Civil Procedure Rule 4(f) against extraterritorial service unless a federal statute authorizes it we do not have to decide whether Pennsylvania could validly provide for such service in this case. It seems clear, however, that normally it could not do so, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, unless the corporation by its acts, Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, or course of business, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, in the state had subjected itself to the jurisdiction.

the attempted exercise by Pennsylvania of jurisdiction over this Ohio corporation, if asserted to have been acquired solely by service upon the state officer, would offend the due process clause of the Fourteenth Amendment. We are clear that it would do so. It is undisputed that the defendant corporation has not by any formal act appointed the Secretary of the Commonwealth of Pennsylvania as its agent to receive service of process on its behalf. Nor has the defendant been compelled to accept the imposition of such an agency by statute as a condition of doing business in the state, assuming, as the plaintiff asserts, that it has engaged in such business. For no Pennsylvania statute so provides.[2]

We have, then, the bald assertion that Pennsylvania under its Civil Procedure Rule 2180(c) could acquire jurisdiction over this Ohio corporation solely by service upon one who is in law a stranger to the corporation, the Secretary of the Commonwealth. It needs no elaboration to demonstrate that such an attempt to subject a nonresident defendant to the local jurisdiction by going through such a ritual as this would be wholly ineffectual. Pennoyer v. Neff, supra; Vaughn v. Love, 324 Pa. 276, 188 A. 299, 107 A.L.R. 1336. Moreover, it would violate the basic concept of due process that a person sought to be sued is entitled to be served with process in a way which is reasonably calculated to bring notice of the proceedings home to him. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230. That requirement is not satisfied by giving notice to a stranger. And attempting to validate such service by giving extraterritorial notice to the absent defendant is a species of bootstrap lifting which the Constitution does not permit.

2. We are not here concerned with statutes applicable to special situations, such as that of the non-resident motorist operating in Pennsylvania, 75 P.S.Pa. § 1201, or the non-resident owner of Pennsylvania real estate, 12 P.S.Pa. § 331. The Pennsylvania Business Corporation Law requires a foreign corporation to file an express written designation of

Since the complaint must be dismissed for want of proper service upon the defendant we need not consider the question of venue which the defendant also raises.

A judgment will be entered dismissing the complaint.

the Secretary of the Commonwealth as its agent for service of process and procure a certificate of authority before doing any business in the state, 15 P.S. Pa. § 2852—1004, and makes its failure to do so a criminal offense and its contracts unenforceable until such certificate of authority is obtained. 15 P.S.Pa. § 2852—1014.