## MENDENHALL
### v.
### TEXAS CO. (JEFFERSON ELECTRIC COOPERATIVE , Inc., et al., Third-party Defendants).
### Civ. A. No. 11790.

United States District Court
W. D. Pennsylvania
Jan. 22, 1953.

Rose, Rose & Houston, Pittsburgh, Pa., for plaintiff.

Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for Texas Co.

Wilson & Salmon, Beaver, Pa., for third-party defendants.

GOURLEY, Chief Judge.

This is an action to recover damages for personal injuries arising out of an automobile accident which occurred within this judicial district.

The plaintiff is a resident of Pennsylvania and the defendant corporation is a resident of the State of New York. The defendant, by order of court, brought upon the record as third-party defendants, J. E. Nicholson, the operator of the vehicle in which the plaintiff, Mendenhall, was riding, and Jefferson Electric

**194**

Cooperative, Inc., a Pennsylvania corporation, the employer of Nicholson.

Third-party defendant Nicholson has filed motion to dismiss the complaint of defendant Texas on the ground that service of process was defective and improper.

Service of process upon the additional defendant, Nicholson, was made by serving the Secretary of the Commonwealth of Pennsylvania in the manner prescribed by Pennsylvania law relative to service upon non-resident defendants in motor vehicle accidents. 75 Pa.P.S. § 1201 et seq.; 17 Pa.P.S. § 61 et seq.; Rule 2079 of the Rules of Civil Procedure, 12 P.S.Pa.Appendix, promulgated by the Supreme Court of Pennsylvania.

Service was also made in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A., Rules 4(d) (1) and 4(d) (7). The motion to dismiss the proceeding for improper service as to the action of the original defendant against the third-party defendant, Nicholson, is denied.

Each of the third-party defendants, Nicholson and Jefferson Electric, moves the court to dismiss the complaint of the original defendant for the reason the third-party complaint fails to state a cause of action appropriate for the joinder of either Nicholson or Jefferson Electric Cooperative, Inc., a Pennsylvania corporation.

It is contended the third-party complaint fails to state a cause of action for the reason that under the provisions of Rule 14 of the Federal Rules of Civil Procedure a third-party complaint cannot demand recovery against the third-party defendants for all or part of the recovery made by the plaintiff against the original defendant.

To sustain a third-party complaint it is sufficient if the original defendant alleges that the third-party defendant will be liable to the defendant for all or part of the plaintiff's claim against the defendant in the event that the plaintiff obtains judgment on said claim.

Each of the third-party complaints complies with Rule 14 of the Federal Rules of Civil Procedure and the motion to dismiss the cause of action of the original defendant against each of the third-party defendants is refused.

An appropriate order is entered.