**GIFFIN et al.  v.  ENSIGN et al.**
**Civ. A. No. 4681.**

United States District Court
M. D. Pennsylvania.
Dec. 30, 1953.

---

Metzger & Wickersham, Harrisburg, Pa., Heffner & DeForrest, Huntingdon, Pa., for plaintiffs.

John H. Bream, Harrisburg, Pa., for defendants John B. Ensign and George F. Burnett Company, Inc.

Compton, Handler & Berman, Harrisburg, Pa., for defendant Timken Detroit Axle Co.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendant Studebaker Corp.

FOLLMER, District Judge.

This matter is before the Court on motion of defendants John B. Ensign and George F. Burnett Company, Inc., to quash the return of services of summons and to dismiss the action under Rule 12

(b) of the Federal Rules of Civil Procedure, 28 U.S.C.

The case involves an automobile accident in Huntingdon County, Pennsylvania, which is in this District. The plaintiffs, husband and wife, are residents of said Huntingdon County. The complaint alleges that defendant Ensign is a resident of Indiana, defendant Burnett "is a corporation domiciled in the State of Indiana," defendant Timken "is a corporation domiciled in the State of Michigan," and defendant Studebaker "is a Delaware corporation."

The summons and complaint were served on all defendants, pursuant to Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, by sending a true and attested copy of the process by registered mail, return receipt requested, to the Secretary of the Commonwealth, and to the defendants at their last known address with an endorsement thereon showing service was made upon the Secretary of the Commonwealth. No objections to the service as aforesaid have been filed by Timken or Studebaker.

When defendants Ensign and Burnett raised objection to service on the Secretary of the Commonwealth, plaintiffs had a duplicate original summons and complaint served on the said Ensign and Burnett by sending a true and attested copy of the process by registered mail, return receipt requested, to the Secretary of Revenue, and to the defendants at their last known address with an endorsement thereon showing service was made upon the Secretary of Revenue.

Defendants predicate their motion to quash the return of service and dismiss the action on the following grounds, namely,

1. Service on the nonresident defendants improperly made on the Secretary of the Commonwealth rather than on the Secretary of Revenue as their official statutory agent to accept process.

2. Federal Rule of Civil Procedure 4(f) is a limitation upon the provisions of Rule 4(d) (7) which authorizes serv-

ice in the manner prescribed by State law.

3. Complaint fails to properly and sufficiently allege requisite diversity of citizenship for federal jurisdiction.

■■ Since service of the summons and complaint was made through both the Secretary of the Commonwealth and the Secretary of Revenue, that phase of the question is moot.[1] We also feel that, while from the standpoint of draftmanship the complaint cannot be recommended as a model, the requisite allegations of citizenship are present.

Finally, admitting that under the applicable Pennsylvania law service was made on these two nonresident defendants, one an individual and the other a corporation, through the proper State official as their statutory agent to accept process, was that service sufficient to give this Court jurisdiction over the persons of the defendants?

The question of venue is not here involved since both plaintiffs are residents of the Middle District of Pennsylvania in which the accident occurred, and all defendants are nonresidents of Pennsylvania.

In McCoy v. Siler, 3 Cir., 205 F.2d 498, a resident of Iowa instituted an action in the United States District Court for the Eastern District of Pennsylvania against a resident of North Carolina, for damages resulting from a motor vehicle accident which occurred in Pennsylvania. The court, in sustaining the district court's judgment in favor of the defendant, held that the mere operation of a vehicle by defendant on Pennsylvania highways did not constitute a waiver of the federal venue statute which provides that "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."[2] In a concurring opinion, Judge Maris took the position that the action of the district court might be sustained on the additional ground that the court never acquired jurisdiction of the persons of the defendants, stating, inter alia,

"* * * For extraterritorial service in the federal courts is regulated by Federal Civil Procedure rule 4(f), 28 U.S.C. That rule restricts the service of process to the territorial limits of the state in which the district court is held unless a statute of the United States authorizes service beyond those limits. In this respect the rule is a limitation upon the provisions of Federal Civil Procedure rule 4(d)(7) which authorize service in the manner prescribed by state law. Since there is no federal statute authorizing extraterritorial service in a diversity case such as this one, rule 4(f) operated to prohibit service upon the defendants in North Carolina by registered mail in the manner provided by Pennsylvania Civil Procedure rule 2079(a). The district court, therefore, did not, in my opinion, acquire jurisdiction of the person of the defendants."

On November 9, 1953, the Supreme Court filed its opinion in Olberding v. Illinois Central Railroad Company, Inc., 74 S.Ct. 83. There the railroad company,

1. The Pennsylvania nonresident motorist statute, 75 P.S.Pa. § 1201, provides that the Secretary of Revenue shall be the motorist's "agent for the service of process". Pennsylvania Procedural Rule 2079 provides for service on the Secretary of the Commonwealth. The Rule does not spell out the fictional agency as did the Act. However, the Pennsylvania Procedural Rules Committee made this comment on Rule 2079,

"The procedure for service upon a public officer, contained in subdivision (a) of the above Rule, is adapted from the Acts of 1929, 1935, and 1937, supra. A change has been made in practice with respect to non-resident motorists and aircraft operators; prior laws provided for service upon the Secretary of Revenue."

2. 28 U.S.C. § 1391(a).

an Illinois corporation, instituted suit in the United States District Court for the Western District of Kentucky against Olberding, a citizen of Indiana, for damages caused by the defendant's truck to plaintiff's property in Kentucky. Jurisdiction was based on diversity of citizenship and defendant was apprised of the action through service of process on the Secretary of State in Frankfort, Kentucky. Defendant moved for dismissal on the ground of improper venue. The motion was overruled. After trial, a verdict was returned for plaintiff and on appeal to the Court of Appeals, 6 Cir., 201 F.2d 582, the verdict was sustained. The Supreme Court reversed solely on the ground of venue, noting the McCoy v. Siler case in its opinion, but making no reference to Judge Maris' observation on the matter of service.

■ Justice Reed in his dissenting opinion in the Olberding case [74 S.Ct. 86] stated, inter alia,

"No question is or can now be raised against the constitutionality of the Kentucky statute to secure the presence of an out-of-state motorist in the state courts to respond to damages. It is the form generally approved for protection against out-of-state wrongdoers by motor operation, and is not subject to attack for lack of due process. * * *"

Moore's Federal Practice, 2d Ed., Vol. 2, Page 942, Par. 4.18, states,

"Substituted service upon a nonresident individual in a law action in a federal court in the manner prescribed by valid state statutes of the character previously discussed has been held sufficient under the Conformity Act and the Rules. And Rule 4(d) (7) expressly provides that service may be so made in all actions instituted in the federal district courts. Rule 4(d) (7) does not, however, have the effect of

making such service valid if the method of service prescribed in the state statute is objectionable for lack of due process. *Service made in the manner prescribed by state law, while permitted by Rule 4(d) (7), is always subject to constitutional notions as to the validity of such service.*"

It is not contended, nor indeed could it be, that the pertinent Pennsylvania Rule is objectionable for lack of due process.[3]

In the proceedings before the Cleveland Institute on the Federal Rules (1938), Page 205, Dean, now Circuit Judge, Charles E. Clark, Reporter to the Supreme Court Advisory Committee, said that Rule 4(d) (7) "is a kind of catchall, providing that in classes (1) and (3) above—that is, those dealing with the individual or the corporation or association—any form of service which would be good in the state where the district court is sitting shall also be held good in the federal court."

In Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 342, 85 L.Ed. 278, suit was instituted in Wyoming against Meyer, a resident of that state. He was personally served with process in Colorado pursuant to Wyoming statutes, but made no appearance in the Wyoming cause. The court in sustaining the judgment held that "Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service."; and that "Its (substituted service) adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play

---

3. Moore's Federal Practice, 2d Ed., Vol. 2, Page 937, Par. 4.16; Olberding v. Illinois Central Railroad Company, Inc., 74 S.Ct.

83; McCoy v. Siler, 3 Cir., 205 F.2d 498, 501, see footnote 13.

and substantial justice * * * implicit in due process are satisfied. Here there can be no question on that score. Meyer did not merely receive actual notice of the Wyoming proceedings. While outside the state, *he was personally served in accordance with a statutory scheme which Wyoming had provided for such occasions.* And in our view the machinery employed met all the requirements of due process." (Emphasis supplied.)

It is, of course, true that the Milliken case dealt primarily with the authority of a state over one of its absent citizens. On the other hand, the court does put its stamp of approval on substituted service reaching over state lines. Prof. Moore in commenting on the Milliken opinion [4] said, "If this latter element of personal service were deemed essential to due process, the question would arise whether, in a federal action, such service outside the state would conflict with Federal Rule 4(f) prescribing 'territorial limits of effective service.' It would seem not, because clause (f) evidently refers to ordinary original service, and was not intended to restrict the effectiveness of state substituted service when federal process is served in that manner." Finally, Moore's comment on the relationship of 4(f) to 4(d) (7) is certainly to the effect that 4(f) is to be construed in "assistance" of 4(d) (7) rather than by limitation thereof.[5]

 Under these circumstances I do not feel that Judge Maris' dicta is binding on this Court. Admitting that plaintiff in the McCoy case could have brought his suit in the State court and the defendant could then have removed the suit to the federal district court, to hold that the original action could not have been instituted in the federal court simply because Rule 4(f) is a limitation on Rule 4(d) (7) seems to me to defeat the very objective of the Federal Rules of Civil Procedure, namely, "to secure the just, speedy, and inexpensive determination of every action." [6]

Venue being admitted, it is our conclusion that under the provisions of Federal Rule of Civil Procedure 4(d) (7) and Pennsylvania Procedural Rule 2079 proper service was had on all defendants in this case and that the Court has jurisdiction. Accordingly, the motion to quash return of service and to dismiss the action will be denied.

---

4. Moore's Federal Practice, 2d Ed., Vol. 2, Pages 948–949.

5. Moore's Federal Practice, 2d Ed., Vol. 2, Page 942.

