**Wayne WOLFE, Appellant,**

v.

**Lucian DOUCETTE and Rosemary Doucette, Appellees.**

**No. 19851.**

United States Court of Appeals
Ninth Circuit.

July 6, 1965.

John P. Frank, Walter Cheifetz, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, Ariz., for appellant.

Daniel C. Olney, Jack Tenner, Magana, Olney, Cathcart, Levy & Gelfand, Los Angeles, Cal., for appellees.

Before JERTBERG, Circuit Judge, MADDEN, Judge of the Court of Claims, and BROWNING, Circuit Judge.

MADDEN, Judge:

This appeal concerns a diversity suit brought by the Doucettes, citizens of California, against Wolfe, a citizen of West Virginia, in the United States District Court for Arizona. The suit was for damages allegedly suffered in an automobile accident in Arizona. The District Court rendered judgment for the plaintiffs, and the defendant Wolfe has appealed. His reasons for appeal briefly stated, are:

1. Lack of jurisdiction of the District Court over him, due to the alleged failure of the plaintiffs to achieve a valid service of process upon him.

2. Lack of substantial evidence that the infirmities of the plaintiff Rosemary Doucette were caused by the automobile accident.

3. Lack of proof that the medical, hospital and drug bills included in the judgment were bills connected with the automobile accident.

We discuss first the appellant's first ground for his appeal, since, if his contention is valid, the District Court had no jurisdiction to render a judgment against him.

When the suit was filed in the United States District Court for Arizona, it was necessary, of course, that some sort of service should be made upon Wolfe, who was a resident of West Virginia, to subject him to the jurisdiction of the court in Arizona. It is conceivable, of course, that there might have been no possible way in which that could be accomplished. Whether it could be accomplished would depend upon federal law, since that is the only source of jurisdiction of federal courts. The service upon Wolfe, the validity of which is here in question, took place in September, 1962. At that time, Rule 4(d) (7) of the

Federal Rules of Civil Procedure, 28 U.S.C., provided:

(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\*   \*   \*   \*   \*   \*

(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States *or in the manner prescribed by the law of the state in which the service is made* for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. (Italics added.)

Rule 4(e) (3) of Arizona Rules of Civil Procedure, 16 A.R.S. provided, in substance, that service upon a non-resident, effective to bring him within the jurisdiction of an Arizona court, could be accomplished by mailing a copy of the summons and complaint to the non-resident by registered mail and then, when the receipt for the mail was returned to the sender, his attaching the receipt to an affidavit stating the fact of the mailing and receipt, and the dates thereof. This affidavit was, by the Arizona rule, made prima facie evidence of personal service upon the person to whom the papers had been mailed.

The plaintiffs purported to get service on Wolfe in accordance with the Arizona Rule 4(e) (3). Wolfe claims that they did not comply with that rule, but for present purposes we will assume that they did. Wolfe promptly responded to the documents which he had received in the mail, but in his response he specifically alleged insufficiency of service and lack of jurisdiction in the court, and in all later proceedings he maintained the position that the court had no jurisdiction. There is, then, no problem of his having waived lack of service by his participation in the trial. The District Court held that the service on Wolfe was valid, the case was tried before the court, without a jury and, as we have seen, the plaintiffs were awarded a judgment and Wolfe has appealed.

The plaintiffs say that their service on Wolfe was valid under Federal Rules of Civil Procedure Rule 4(d) (7) which we have quoted. Wolfe says that 4(d) (7) was not applicable to attempted service outside the state in which the United States District Court was sitting. Rule 4(d) (7) does not say anything one way or the other about service outside the state. It does speak of "the state in which the service is made," which raises a question as to whether the service here in question was made in Arizona, from which the registered letter to Wolfe was mailed and to which his receipt was returned, or in West Virginia, where Wolfe received and receipted for the letter. Wolfe, of course, raises this question, but he also relies heavily upon Federal Rules of Civil Procedure Rule 4(f), which says:

(f) *Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. \*   \*

Wolfe urges, correctly, that there was no federal statute expressly providing for service, in the type of case here involved, outside the territorial limits of the state in which the District Court was sitting. He urges that Rule 4(f), following almost immediately after Rule 4(d) (7), forecloses any implication from the general language of the latter rule that service outside the state was permissible.

Wolfe's contention has received important acceptance. Judge Albert Maris, of the United States Court of Appeals for the Third Circuit, by dictum in Barnhart v. Rogers Co., D.C.W.D.Pa. (1950), 9 F.R.D. 590, adopted it. In 1953 Judge Maris, in a concurring opinion in McCoy v. Siler, 3 Cir., 205 F.2d 498, elaborated this view. Professor Moore, in 2

Moore's Federal Practice, 2d Ed., p. 1226, quotes from his "earlier versions of the present chapter," in which he had expressed the view that Rule 4(d) was "chiefly" related to service within the territorial limits of the state in which the court was sitting. And there were other judicial precedents to the same effect which we do not stop to cite.

The tide turned against Judge Maris' view of this troublesome question. In 1956, in the case of Giffin v. Ensign, 3 Cir., 234 F.2d 307, Judge Maris' own court, in an opinion written by Chief Judge Biggs and concurred in by Judges Kalodner and Hastie, rejected the reasoning of Judge Maris in McCoy v. Siler, supra, and held that Rule 4(f) "was not intended to restrict the effectiveness of state substituted service when federal process is served in that manner." Judge Biggs' opinion cites the relevant authorities. Professor Moore, cited supra, discusses at page 1232 the amendments that were made in 1963 to various subdivisions of Rule 4 and the confusion which had made the changes necessary. He quotes at length from Giffin v. Ensign, supra, and cites Deveny v. Rheem Co., 319 F.2d 124, CA 2 (1963), in which the late Judge Charles E. Clark, an authority on the Federal Rules, said, in a case involving extra-territorial service out of a federal court pursuant to a state statute, "Service pursuant to a state statute is a permissible way of commencing an action in a federal district court. See Fed.R. of Civ.P. 4(d) (7)."

Moore, cited supra, on page 931 quotes Advisory Committee's note of 1963 to Subdivision (d) (7) [of Rule 4]. This note, as quoted speaks of Judge Maris' concurring opinion in McCoy v. Siler, supra, and says, "This contention found little support." At page 1234 Professor Moore cites Giffin v. Ensign, supra, Deveny v. Rheem Co., supra, and other cases, and says that these authorities treated Rule 4(d) (7) as an "implied exception" to Rule 4(f).

Wolfe urges that even if Rule 4(d) (7) is regarded as containing an implied exception to Rule 4(f), there is still the obstacle of the language of Rule 4(d) (7) "or in the manner prescribed by the law of *the state in which the service is made* * * *." (Italics added.) He says that service on him was made in West Virginia and that the service was not made in "the manner prescribed by the law of" West Virginia, whose Rule 4(e) he quotes. This West Virginia rule has nothing to do with the manner of service in West Virginia upon a resident of West Virginia who is being sued in an action brought in another state. We would surmise that no state has any such law or rule. The implied exception to Rule 4(f) would seem never to be available if this reasoning were followed. But it was applied in Giffin v. Ensign, supra, and in Deveny v. Rheem Co., supra, and the other cases cited by Moore.

Wolfe would explain these cases on the ground that they were cases in which statutes such as those dealing with non-resident motorists who are involved in accidents in the state in which the suit is brought are served by substituted service upon a designated official of the state in which the suit is brought, and by registered mail sent to the non-resident. In such cases, Wolfe urges, the service is "in the manner prescribed by the law of the state in which the service is made," i. e., where the designated official is and where the suit is pending. We think, however, that the service prescribed by such statutes is partly within and partly outside the state in which the suit is pending. If such statutes did not provide for the use of available means to give notice to the non-resident person, their constitutionality would be doubtful. See Moore, at page 1233; Deveny v. Rheem Co., supra. It cannot, then, be said that the service inside the state on the designated official is all that such statutes require. If the notice outside the state is not authorized by Rule 4(d) (7) in such cases, and therefore must be disregarded as unauthorized, each such case would present the constitutional problem suggested above.

■ We think that the correct interpretation of the decision in Giffin v. Ensign, supra, and the cases cited therein, and of Deveny v. Rheem Co., supra, and of the observations of the Advisory Committee which we have quoted is that these authorities were reading the language of Rule 4(d) (7), "by the law of the state in which the service is made," as meaning, "by the law of the state in which the District Court is held." We adopt that view as representing the weight of authority.

■ As we said earlier in this opinion, Wolfe contends that, assuming that service pursuant to the Arizona Rules of Civil Procedure would have been valid, the plaintiffs did not comply with those rules and therefore the court does not have jurisdiction over Wolfe. When Wolfe's receipt for the registered letter came back to the plaintiffs, the Arizona rules provided that the plaintiffs were to make an affidavit about the mailing, the return of the receipt, etc., and attach the receipt to the affidavit. The rules provided that when that was done the affidavit would be prima facie evidence of the personal service. In fact, the plaintiffs did not file the affidavit until the opening day of the trial, September 8, 1964, although Wolfe had, on October 2, 1962, filed his answer alleging insufficiency of process and lack of jurisdiction.

We see no jurisdictional deficiency in these facts. Wolfe had been served, and the affidavit was nothing more than evidence that he had been served. If Wolfe had had any question as to whether the required affidavit could be truthfully made he could and no doubt would have raised the question before trial.

■ The second ground of Wolfe's appeal is that there is a lack of substantial evidence that Mrs. Doucette's serious infirmities, which infirmities Wolfe concedes, resulted from the automobile collision in which she was involved and which was caused, as the court found and Wolfe does not here contest, by Wolfe's negligent driving.

Mrs. Doucette had, for three or four years prior to the automobile accident, had no symptoms of illness in her stomach. In the accident her left side, in the area of her chest and her stomach, was thrown violently against the dashboard of the automobile or against her husband's elbow. Within some twenty days after the accident, a volvulus or twisting of her stomach had developed which required two operations which included the removal of her spleen and a large portion of her stomach. In answer to a hypothetical question, the plaintiffs' medical expert answered:

> It is my opinion that a traumatic change in the patient's physical condition occurred following the accident, necessitating the surgery that was performed on January 11.

There being no medical evidence to the contrary, we think the District Court's finding that the injuries sustained by Mrs. Doucette were the proximate result of the accident was well supported by the evidence.

The judgment rendered by the District Court included $15,000 for personal injuries and pain and suffering, and also included $1,292 for necessary medical expenses, $338.46 for necessary hospitalization and $95.77 for medication. Counsel stipulated that these bills were "incurred by the plaintiff and are reasonable," "that the bills were reasonable for services performed," "that the amounts shown are reasonable for the services that were performed." Wolfe's counsel stated, in connection with the stipulation, "We don't stipulate that they were necessarily incurred because of our client."

We think it was logical for the court to assume that the stipulation of the parties was related to the case on trial, and not to some other medical treatment and hospitalization of the plaintiff which happened to occur at the same time. The statement of defendant's counsel as to what he did not stipulate to meant nothing more than that if Wolfe was not responsible for the accident he was not agreeing to pay the plaintiffs' hospital and medical bills.

The judgment of the District Court is affirmed.