**Harold D. BOOKOUT and Betty Houser,
Appellants,**

v.

**Linda Lou BECK and Daniel L. Beck, by
their guardian ad litem, Edith P.
Beck, Appellees.**

**No. 20001.**

United States Court of Appeals
Ninth Circuit.

Dec. 23, 1965.

Ernest M. Thayer and J. Roger Samuelsen, of Bronson, Bronson & McKinnon, San Francisco, Cal., for appellants.

James S. Martin, San Leandro, Cal., Dulberger, Bulen, Heeter & Salb, Indianapolis, Ind., for appellees.

Before CHAMBERS, HAMLIN and BROWNING, Circuit Judges.

CHAMBERS, Circuit Judge:

The district court's final order refusing to vacate a judgment of appellees against appellants is reversed.

The Becks are citizens of California and Bookout and Houser are citizens of Indiana. They were involved in an automobile collision at Santa Rosa, New Mexico, in July, 1962. The Becks in September, 1962, elected to sue Bookout and Houser in the Northern District of California for their injuries. Diversity jurisdiction was pleaded. Initial "service"[1] on Bookout and Houser was ob-

---

1. On the date the compaint was filed and the summons issued, the district court ordered that service of process in the

action should be made upon the defendants "under the provisions of the ap-

tained by a deputy United States marshal in Indiana handing copies of the summons and complaint to the two defendants in Indiana. Further, it would appear that counsel for Becks sent copies of the complaint and summons by registered mail to the secretaries of state of California and of New Mexico.[2] California has a long-arm statute [3] on motorists which permits service upon a defendant operator by sending the papers to the California director of motor vehicles. New Mexico has a similar statute,[4] but requires the delivery of the papers to its secretary of state.

Thus, it may be seen that the Becks did not even comply with the routine of the California state statute when they delivered papers to the California secretary of state instead of the California director of motor vehicles. Assuming the accident had occurred on a California highway, there would have been no valid service because of this failure to comply.

We find no federal rule in premises such as we have here that would authorize process of the Northern District of California to personally reach Bookout and Houser through the secretary of state of New Mexico or by personal delivery of papers to defendants in Indiana in a suit out of the Northern District of California. Rule 4(d) (7), Federal Rules of Civil Procedure, would authorize service according to the law of the state in which the district court sits.[5] Thus, assuming no due process problems, the Becks still do not have compliance on service of papers with any statute or federal rule prescribing the manner of service.[6]

Assuming California and New Mexico had statutes authorizing exactly what was here done, we are satisfied they would not survive such cases as Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; and Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.[7]

Appellees say they could not sue in New Mexico in 1962 because the federal venue statute, 28 U.S.C. § 1391, did not

plicable nonresident owners and operators statutes."

2. By affidavit, counsel for the Becks says that the purported service on the two secretaries of state was made by registered mail. The record does not show that the marshal mailed the papers. It is our assumption that counsel did.

3. Section 17451 of the California Vehicle Code provides that one (or his agent) who operates a vehicle upon California highways appoints the director of the motor vehicle department as his agent to receive process "growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent * * *." Obviously, no vehicle operation in California, no agency.

4. The New Mexico statute, 1953 New Mexico Statutes Annotated, § 64–24–3, 64–24–4, is similar except the secretary of state of New Mexico is the agent. The second section, 64–24–4, shows that the statute is only intended for use by courts in New Mexico.

5. At the time of the alleged service, Rule 4(d) (7) provided service could be made

"in the manner prescribed by the law of the state in which the service is made * * *." See our case of Wolfe v. Doucette, 348 F.2d 635, to the effect that this meant in the instant case the law of California. If Wolfe, decided according to the weight of authority, is right, the change effective July 1, 1963, merely confirmed the prevailing view of the older form of Rule 4(d) (7).

6. It is possible that the personal "service," as to method, complied with Indiana rules or statutes, but the Indiana law on service would have no applicability. See Footnote 5, supra.

As to New Mexico, the method used was the New Mexico method, but as indicated in Footnote 4 above, the long arm statute of that state is restricted to use in New Mexico courts.

7. Perhaps, the entity of the United States might provide that its process could run nationwide, but it has never been so provided on summonses in in personam actions. It has generally equated the reach of a summons to that permissible in a state in which a district court sits.

permit it at the time of filing their complaint. Of course, they were entitled to be heard somewhere. It has not been suggested that the state courts of New Mexico or the state and federal courts of Indiana were not open to the Becks.

Obviously, 28 U.S.C. 1391(a) is of no aid to plaintiff because it is a venue section and jurisdiction must be first found over the subject matter and the person before one reaches venue. Here we have held that there was no personal jurisdiction. Undoubtedly there was subject matter jurisdiction.

The appellees say the Bookout-Houser direct attack by motion in the Northern District of California comes too late because on December 12, 1963, the judgment was rendered with the full knowledge of the defendants (default was requested on October 21, 1963) and the defendants did nothing about moving to set aside the judgment until October 29, 1964.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a motion may be made within a reasonable time to set aside a judgment on the ground it is void. On certain other grounds for relief, the motion to set aside a judgment must be made within a year. Here, we say that acting within a year was within a reasonable time. Certainly it could properly be no shorter than the time specified on other reasons which are limited to one year. In some other case we can decide, when the judgment is alleged to be void, whether defendants after the elapse of a number of years should be denied a motion to vacate and thrown back on an independent action to test the judgment. There may be a valid contention that a reasonable time on a motion asserting voidness, especially when the facts are all on the record, is any time ever, but this we do not reach. Of course, Rule 60(b) leaves open the old alternative of bringing a separate independent action to establish voidness.

The motion to vacate the judgment should be granted.