**SZABO v. KEESHIN MOTOR EXPRESS CO., Inc., et al.**

**WORTHLEY v. KEESHIN MOTOR EXPRESS CO., Inc. et al.**

**Clv. Nos. 26443, 26444.**

United States District Court
N. D. Ohio, E. D.

Aug. 25, 1949.

A. H. Dudnik, Cleveland, Ohio, H. K. Braun, Cleveland, Ohio, for plaintiff.

Arthur F. Zalud, Cleveland, Ohio, for defendant.

**JONES, Chief Judge.**

These are actions for damages for personal injuries arising out of a collision in the State of New York between an automobile in which plaintiffs were riding and a tractor-trailer operated by defendant. The petitions name W. F. Drohan and D. D. Carmell, residents of Chicago, Ill., as parties defendant, being trustees in bankruptcy of Keeshin Motor Express Company. The actions were brought in the Court of Common Pleas of Cuyahoga County and were removed to this court upon petition of defendant Keeshin. Service apparently was had on Keeshin since it has appeared to remove the cases and file answers although the copies of the summonses attached to the complaints do not show a return of service. It will be assumed that service was upon a statutory agent.

Plaintiffs have filed motions to strike that part of the answers entitled "Second Defense" as being insufficient defenses. Said Second Defense in both petitions reads as follows: "For its second defense defendant incorporates herein all the allegations and denials in its first defense contained and further alleges that the petition of plaintiff is defective for nonjoinder of parties in that said trustees are necessary parties to this action."

Plaintiffs contend that the trustees are, as a matter of fact, parties to these actions as disclosed by "a reading of plaintiff's petition." Plaintiffs further say that while it is true that personal service was not had on the trustees, such service was unnecessary in view of the provisions of Rule 4(e), Federal Rules of Civil Procedure, 28 U.S.C.A., which reads as follows: "Whenever a statute of the United States or an order of court provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order."

Plaintiffs say that orders of the District Court for the Northern District of Illinois, Eastern Division (copies of which are attached to the motions) are in lieu of personal service. (The copies of the orders are not certified copies and they contain no date or signature but defendant does not deny that such orders were issued.) Since the orders render personal service unnecessary, plaintiffs say, the second defense is insufficient and should be stricken inasmuch as the trustees are parties.

The orders of Judge LaBuy permit plaintiffs to maintain their actions against Keeshin and the trustees and order the trustees to enter their appearances in the actions and to defend the suits. Neither of the orders is one which "provides for service of a summons, or of a notice" as required by Rule 4(e) but they might be deemed orders of court in "lieu of summons upon a party not an inhabitant of or found within the state," under Rule 4(e).

However: "Subdivision (e) of Rule 4 is to be read in its proper relationship with Rule 4(f), as applying to suits in rem and suits where special statutes authorize an action against a non-inhabitant." Cyclopedia of Federal Procedure, Vol. 4, p. 235.

Rule 4(f) provides as follows: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

It is clear from Rule 4(f) that no process could be served upon the trustees in the absence of a special statute. No such statute has been cited by plaintiffs.

It is not necessary, for the purposes of these motions, to rule either upon the effect, if any, of Judge LaBuy's orders as dispensing with the requirement of personal service upon the trustees or upon the question of whether the trustees are indispensable parties to these actions. However, the matters presented indicate that there may be merit in the second defenses of defendant and therefore they should not be stricken as insufficient.

*Motions overruled.*