**James F. McMANUS, Plaintiff,**

v.

**J. R. D. TATO, as President of International Air Transport Association, et al., Defendants.**

United States District Court
S. D. New York.
Oct. 26, 1959.

James F. McManus, pro se.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant, Air Transport Assn. of America.

WEINFELD, District Judge.

There appears to be no dispute that the moving defendant is a voluntary association with its headquarters in Washington, D. C., where the summons in this action was served upon its President. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. permits, when a federal statute so provides, service of process beyond the territorial limits of a state in which a District Court is held. While section 12 of the Clayton Act[1] authorizes such service in antitrust suits, it applies only to corporations.[2] This authorization of extraterritorial service of process may not be extended to apply to voluntary associations or individuals. Such appears to have been Congressional purpose.

"Persons", as defined in the Clayton Act, are "deemed to include corporations and associations";[3] yet section 12 of the same act, which authorizes extraterritorial service, specifies only "corporation".[4] This specificity necessarily excludes individuals and voluntary associations from those amenable to extraterritorial service.[5]

The motion to quash service of process is granted.

However, the defendant is not entitled to a dismissal of the action. If, in fact, as the plaintiff contends, the moving defendant is engaged in such activities within this district so that it "may be found or transacts business" here,[6] the venue as to it is proper.[7] In any event, even assuming proper venue in this district, service of process must be made upon the association as required by Rule 4(d) of the Federal Rules of Civil Procedure.

Settle order on notice.

1. 15 U.S.C.A. § 22.
2. Cf. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 875.
3. 15 U.S.C.A. § 12.
4. 15 U.S.C.A. § 22.
5. Cf. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F. 2d 871, 875; Rohlfing v. Cats Paw Rubber Co., D.C.N.D.Ill.1951, 99 F.Supp. 886, 892–93.

6. 15 U.S.C.A. § 22.

7. Cf. Anderson-Friberg, Inc. v. Justin R. Clary & Son, Inc., D.C.S.D.N.Y.1951, 98 F.Supp. 75.