**HUNTINGTON IMPORTED CARS, INC.,**
**Plaintiff,**

v.

**STANDARD–TRIUMPH MOTOR COM-PANY, Inc., Genser-Forman, Inc., Stock Motors, Inc., Lawrence Genser, William Weinstock and "Bud" Forman, first name "Bud" may be fictitious, true first name unknown to plaintiff, Defendants.**

**Civ. A. No. 60–C–922.**

United States District Court
E. D. New York.

Dec. 1, 1960.

Louis G. Greenfield and Sidney W. Rothstein, New York City, for plaintiff.

Max L. Rosenstein, Newark, N. J., for defendants, Genser-Forman, Inc., and Lawrence Forman; Milton Eisen, New York City, Associate Counsel.

ABRUZZO, District Judge.

This action is brought by the plaintiff against Standard-Triumph Motor Company, Inc., Genser-Forman, Inc., Stock Motors, Inc., Lawrence Genser, William Weinstock and "Bud" Forman, first name "Bud" may be fictitious, true first name unknown to plaintiff.

The plaintiff alleges in its first cause of action a complaint pursuant to Title 15 U.S.C.A. §§ 1 and 2. It charges basically a claim pursuant to the anti-trust laws. There can be no dispute that this Court has jurisdiction of antitrust suits.

Paragraph 3 of that cause of action alleges a cause of action against the corporation Standard-Triumph Motor Company, Inc.

Paragraph 9 alleges a cause of action against Genser-Forman, Inc.

Paragraph 14 alleges a cause of action against Stock Motors, Inc.

Paragraphs 18, 19 and 20 allege causes of action against three individuals, Law-

rence Genser, "Bud" Forman and William Weinstock.

The second cause of action is against the two corporations, Standard-Triumph Motor Company, Inc., and Genser-Forman, Inc.

The third cause of action is against the corporation Genser-Forman, Inc.

The fourth cause of action is pursuant to the antitrust laws against defendants Lawrence Genser and Lawrence Forman and the three corporate defendants. It also alleges an action for breach of contract.

The motion before this Court is on behalf of the Genser-Forman corporation and Lawrence Forman, the individual who is referred to in the complaint as "Bud" Forman. The motion has no relation to the defendants, Standard-Triumph Motor Company, Inc., Stock Motors, Inc., or William Weinstock. Apparently Lawrence Forman and "Bud" Forman is one and the same person for on November 2 one of my colleagues, upon motion, changed the caption of the action to read as follows:

Huntington Imported Cars, Inc.,
Plaintiff,

– against –

Standard-Triumph Motor Company, Inc., Genser-Forman, Inc., Stock Motors, Inc., Lawrence Genser, William Weinstock and Lawrence Forman,
Defendants.

The order changing the title of the action was signed on November 2d and this motion was made October 25, 1960, which has caused this confusion of names. It, therefore, appears that this motion is directed, as I have stated before, against Genser-Forman, Inc., and Lawrence Forman only.

The motion is made on the following grounds:

(1) To dismiss the complaint and quash the service of process on the ground that the defendants were not in-habitants, were not found, and are not or were not transacting business within the State of New York at the time this cause of action arose.

(2) To dismiss the complaint and quash the service of process upon Lawrence Forman on the ground that such service of process was contrary to Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and also contrary to Title 15 U.S.C.A., and therefore invalid.

(3) To dismiss the third cause of action as to the defendant Genser-Forman, Inc., on the ground that such service of process allegedly made upon it was contrary to Rule 4(f) of the Federal Rules of Civil Procedure and therefore invalid.

(4) To dismiss the second cause of action as against defendant Genser-Forman, Inc., on the ground that said defendant is not an "automobile manufacturer" within the terms of Sections 1221 (a) and 1221 through 1225 of Title 15 U.S.C.A.; and, further, on the ground that no allegations have been made against that defendant to charge a violation under said sections.

Rule 4(f) of the Rules of Civil Procedure reads as follows:

"(f) *Territorial Limits of Effective Service.* All process other than subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

The exception to that rule is Section 22 of Title 15 U.S.C.A., which reads as follows:

" § 22. *District in which to sue corporation*

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is

an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Rule 4(f) and Section 22 are the two sections which apply to this motion.

■ As to the first and second part of the defendants' motion, the action must be dismissed as against Lawrence Forman, an individual, for he was served outside the State of New York and does not come within the federal rule with respect to antitrust suits as that applies to corporations only. Lawrence Forman, in his affidavit, alleges that he has never been in this jurisdiction, does not do any business in this jurisdiction and was served outside this jurisdiction. None of this is denied by the plaintiff, nor is the plaintiff helped by Section 15 of Title 15 U.S.C.A., for that presupposes that the defendant served must either reside or be found in the district in which the suit emanates or has an agent who can be served. Jurisdiction cannot be taken by this Court because of non-prejudice to the defendant or because of convenience to the plaintiff.

■ As to the third part of the motion with respect to the service on Genser-Forman, Inc., that service was not made pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, that part of the motion is denied because the service is valid under Section 15 of the antitrust law.

As to the fourth part of the motion seeking dismissal of the second cause of action on the ground that the defendant, Genser-Forman, Inc., is not an "automobile manufacturer" under the terms of Title 15 U.S.C.A., Sections 1221(a) and 1221 through 1225, that is denied at this time with the right to renew that part of the motion before the trial judge.

An order may be entered in accordance with this opinion.