**Dwight W. SMITH, a minor, by his father and next friend, Linus O. Smith, and Linus O. Smith, Plaintiffs,**

v.

**Anthony J. ALEXANDRIAN, and Josephine E. Alexandrian, Defendants.**

**No. 61C 160.**

United States District Court
N. D. Illinois, E. D.
May 15, 1961.

**554**

James W. Kissel and Frederic F. Brace, Jr., Chicago, Ill., for plaintiffs.

Cotton, Fruchtman & Watt, Chicago, Ill., for defendant.

IGOE, District Judge.

This cause is now before the Court on the motion of defendants to quash summons. Since it raises an interesting and potentially important question of the proper interpretation of Rule 4 of the Federal Rules of Civil Procedure, 28 U.S. C.A., the Court considers it appropriate to explain its ruling. Furthermore, the position the Court feels constrained to adopt, while seemingly required by the language of the Rule, has not found favor with other courts which have considered the question.

The complaint sets forth a cause of action for personal injuries arising out of an accident in Illinois. The plaintiffs are alleged to be citizens of Illinois residing in this district; the defendants are citizens and residents of Massachusetts. Jurisdiction is based upon diversity of citizenship, and process was served on the defendants in Massachusetts. The defendants have moved to quash the summons, asserting that the service was invalid because it was made outside the territorial limits of the state in which this court is held, in violation of Rule 4(f) of the Federal Rules of Civil Procedure.

Rule 4(f) provides as follows:

*"Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."

Since there is no federal statute authorizing extra-territorial service in a tort action between private parties in which jurisdiction rests upon diversity of citizenship, the service of summons on the defendants in Massachusetts would appear to be ineffective unless some other portion of Rule 4 modifies the language quoted from Rule 4(f).

Plaintiffs rely upon Rule 4(d), which prescribes how service shall be made. In particular they point to subparagraph (7) of that Rule, which reads as follows:

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

It is then argued that Section 17 of the Illinois Civil Practice Act, Ill.Rev.Stat.

1961, c. 110, § 17,—which authorizes out-of-state service upon defendants who have engaged in any of certain enumerated acts, including torts, within the state of Illinois—should be referred to by the District Court as authority for the extraterritorial service here effected. In other words, plaintiffs' contention is that the language "or in the manner prescribed by the law of the state" contained in Rule 4(d) (7) requires the District Court to look to Section 17 of the Illinois Civil Practice Act in order to determine the circumstances in which extraterritorial service is proper. In sum, then, plaintiffs believe that Rule 4(d) (7), read in conjunction with Section 17, modifies Rule 4 (f) so that, where state procedure authorizes out-of-state service of summons, the limitations of Rule 4(f) must yield.

At least one other court which has been faced with this problem appears to support plaintiffs' argument. Star v. Rogalny, 162 F.Supp. 181 (E.D.Ill.1957). In other instances, although the issue is not reached in quite the same fashion, the courts have adopted a line of reasoning consistent with plaintiffs' contentions. Cf. Bonan v. Leach, 22 F.R.D. 117, 118–20 (E.D.Ill.1957); Morgan v. Heckle, 171 F.Supp. 482, 483–84 (E.D.Ill.1959); Giffin v. Ensign, 234 F.2d 307, 310–11 (C.A.3d 1956); Kappus v. Western Hills Oil, Inc., 24 F.R.D. 123, 126–27 (E.D.Wis. 1959). The text-writers and commentators adopt a similar view of the significance of Rule 4(d) (7). Cf. 1 Barron & Holtzoff, Federal Practice and Procedure (1960 ed.) Sec. 172, pp. 648–49, and Sec. 182.1, pp. 727–28; 2 Moore, Federal Practice (1948 ed.) par. 4.19, pp. 948–49; comment, 27 U. of Chicago L.Rev. 751 (1960).

The only contrary view that has come to the Court's attention is the concurring opinion of Judge Maris in McCoy v. Siler, 205 F.2d 498, 501 (C.A.3d 1953).

Nonetheless, it appears to this court that, except for Judge Maris, the authorities have misread Rule 4(d) (7). Of necessity they seem to read it as though its language were as follows (the emphasized words having been substituted for the actual words of the Rule):

"  *   *   *  it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the *district court is held*  *   *   * "

But the wording of the Rule is significantly different (here the emphasized words are those contained in the Rule):

"  *   *   *  it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the *service is made*  *   *   * "

Were Rule 4(d) (7) expressed as the plaintiffs and the various authorities appear to read it, then, obviously, the District Court would be justified in turning to Section 17 of the Illinois Civil Practice Act. But given the actual language of Rule 4(d) (7), it is difficult to understand how out-of-state service, which is expressly made ineffective by Rule 4(f), can be validated by a state statute. If Rule 4(d) (7) comes into play at all, it would refer the District Court to the law of the state in which service is made, in this instance the law of Massachusetts. But since no question is raised as to the manner in which the summons was delivered to, or otherwise served upon, defendants in Massachusetts—either under any federal statute or under Massachusetts law—there is no need to examine the law of Massachusetts relating to the manner of serving process.

In the scheme of Rule 4, there appears to be a clear distinction between the question of *where* service may be made and the question of *how* it can be made. Rule 4(f) deals with the former problem; Rule 4(d) concerns itself with the latter. An examination of the whole of Rule 4(d) shows that it is concerned with the "manner" of effecting service, in other words with the modes, or mechanics,

or formalities which must be followed in order effectively to accomplish service upon the defendant. Thus it endeavors to provide answers to such questions as: may summons be left at the defendant's residence? may it be served upon an authorized agent? when must a copy of the summons be sent by registered mail? These are the types of problems considered under the category of the "manner" of service. After giving specific answers to some of these problems, the Rule, in subparagraph (7), indicates that service is *also* sufficient if "served in the manner prescribed by any statute of the United States *or* in the manner prescribed by the law of the state in which the service is made \* \* \*" (Emphasis added).

Simply as a matter of the organization of Rule 4 itself, it appears that its drafters did not view the question of where service might be effected as a problem to be dealt with under the heading of "manner" of making service.

██ The issue now before the Court has more than academic significance. As more and more states enact provisions similar to Section 17 of the Illinois Civil Practice Act, assuming that plaintiffs' view prevails, the federal courts will become the scene of a wide range of diversity causes where the defendants are brought into court by out-of-state service. Rule 4(f) would then cease to be a meaningful limitation upon the "where" of proper service, not because of any express alteration of the Rule, but solely because state legislatures and rule-making bodies change their practice acts and rules. It may be sound policy to accept these changes and to incorporate them—insofar as they authorize extraterritorial service of process—into the Federal Rules. But if the change is to be made, it would seem desirable that it be accomplished by an amendment to Rule 4, not by persistently reading the Rule in a way which its language does not warrant.

The Court has therefore concluded that the motion to quash should be grant-

ed. The Court's reluctance to rule in a fashion contrary to what appears to be the prevailing judicial view is balanced by its considered opinion that the issue should be faced squarely and ultimately passed upon by the higher courts.

An order will be entered quashing the summons heretofore served on the defendants in Massachusetts.