**WISCONSIN METAL & CHEMICAL CORPORATION, Plaintiff,**

v.

**DeZURIK CORPORATION, Defendant.**

**No. 62-C-64.**

United States District Court
E. D. Wisconsin.

Sept. 26, 1963.

Daniel J. Weiss, Milwaukee, Wis., for plaintiff.

James C. Mallien, of Quarles, Herriott & Clemons, Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This is an action for breach of warranty brought by Wisconsin Metal & Chemical Corporation, a Wisconsin corporation, against DeZurik Corporation, a Minnesota corporation, for damages in the amount of $139,132.62, for alleged defects in 34 valves purchased by the plaintiff from the defendant. Service of the summons and complaint was made at Sartell, Minnesota upon R. N. Wilcox,

Treasurer of DeZurik Corporation. Jurisdiction is based on diversity of citizenship.

Defendant, DeZurik Corporation, has moved to quash the service of the summons and to dismiss the complaint on the ground that (1) DeZurik is a Minnesota corporation with its principal place of business in Sartell, Minnesota, and is not found in the District and is not transacting business in this District, (2) venue in this District is not proper, (3) the purported service on DeZurik in Minnesota was of no effect and the court acquired no jurisdiction over DeZurik by such purported service.

■ We will consider first defendant's contention that Rule 4(f) of the Federal Rules of Civil Procedure [1] prohibits service of federal process beyond the boundaries of the state in which the District Court is sitting. It is plaintiff's position that Rule 4(d) (7) [2] permits service of summons beyond the territorial limits of the District when the state where the District Court is sitting authorizes such extra-territorial service. Defendant concedes that this precise issue was considered by the Honorable Kenneth P. Grubb in Kappus v. Western Hills Oil Inc., D.C., 24 F.R.D. 123 and Koepp v. Peters, D.C., 193 F.Supp. 296, and decided adversely to the defendant. We have carefully considered the cases cited by DeZurik holding that such service is not authorized by Rule 4(d) (7) (Metropolitan Sanitary District of

Greater Chicago v. General Electric Co. (D.C.1962) 208 F.Supp. 943, and Smith v. Alexandrian, D.C., 30 F.R.D. 553), but are not persuaded by them. Consequently, we adhere to the ruling in the Kappus and Koepp cases, supra.[3]

We look then to the Wisconsin Statutes to determine whether the extra-territorial service made in this case is valid. Plaintiff relies on § 262.05(5) Wisconsin Statutes, effective July 1, 1960. That section provides:

"Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

\*   \*   \*   \*   \*   \*

"(5) Local services, goods or contracts. In any action which:

\*   \*   \*   \*   \*   \*

"(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or

\*   \*   \*   \*   \*   \*

"(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without

---

1. "(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

2. (d) (7) "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process

upon any such defendant in an action brought in the courts of general jurisdiction of that state."

3. It may be noted that any ambiguity in the construction of Rule 4(d) (7) has been resolved in the new Federal Rules of Civil Procedure effective July 1, 1963, which changed the language in Rule 4 (d) (7) from
"\*   \*   \* the manner prescribed by the law of the state *in which service is made*" to "*in which the district court is held.*"
The Advisory Committee note indicates that the purpose of the amendment was to preserve the salutary results of cases such as Kappus v. Western Hills Oil Inc., D.C., 24 F.R.D. 123.

regard to where delivery to carrier occurred."

The complaint alleges that on or about July 14, 1960, plaintiff through Dorr Sales and Engineering Company, its agent, ordered from defendant through the Dorner Company, its agent, 34 valves to be furnished by defendant and shipped to the plaintiff in Wisconsin, that after delivery and installation of the valves, said valves proved defective.

In support of its motion, the defendant has submitted an affidavit by R. N. Wilcox, its Treasurer, disclosing that DeZurik is a Minnesota corporation, having its principal place of business, maintaining its office, manufacturing plant and sales operation in Sartell, Minnesota. It is not qualified to do business in Wisconsin and has no authorized agent to receive service of process in Wisconsin. It maintains no stock of merchandise here, owns no leases or real property, does not maintain a telephone listing, advertise, prosecute litigation or hold any of its meetings of its directors or stockholders in Wisconsin. The affidavit discloses that the only contact it has with the State of Wisconsin is through one Jack Dorner, d/b/as The Dorner Company, who is permitted by defendant to solicit orders for DeZurik's products, and that Dorner is a manufacturer's representative for other manufacturers in addition to DeZurik. The Dorner Company is not authorized to sell DeZurik products nor does DeZurik sell its products to The Dorner Company. All orders received by Dorner are forwarded to DeZurik in Minnesota, and Dorner receives a commission on any valves or machinery DeZurik subsequently sells in Wisconsin. DeZurik has no financial interest in The Dorner Company, cannot and never has exercised any managerial or supervisory control over Dorner. Dorner at its own expense lists DeZurik Corporation and other manufacturers in the classified section of the Milwaukee telephone directory. Orders are sent to DeZurik offices in Sartell, Minnesota, and either accepted or rejected there. Products are shipped f. o. b. Minnesota,

and all payments are sent directly by the customer to DeZurik at Sartell, Minnesota. Plaintiff does not contest the facts as set forth in this affidavit nor has it submitted counter-affidavits regarding the extent of the sales made by defendant in Wisconsin. It chooses instead to rely on § 262.05(5), as authorizing jurisdiction and asserts that under that section the scope of DeZurik's operation in Wisconsin is immaterial.

There is no doubt and defendant apparently concedes that the facts in the case at bar meet the requirements of § 262.05. The action arises out of the promise by defendant, DeZurik Corporation, to deliver to this state certain valves which were actually received by the plaintiff in Wisconsin. Under the statute the fact that the valves were shipped f. o. b. Minnesota is immaterial.

Defendant, however, contends that the Wisconsin Statute as applied to the facts of this case is a violation of the due process clause of the Fourteenth Amendment.

Wisconsin Statutes formerly provided for extra-territorial service of summons on foreign corporations either doing business in Wisconsin at the time of service or when the cause of action against it arose out of the doing of business in Wisconsin. (See former § 262.08 (4), Wisconsin Statutes, 1959) Defendant contends that the concept of "doing business" was coextensive with the limits of the due process clause of the Federal Constitution prior to the adoption of the new Chapter 262 and hence the basic constitutional question is no different now than before the adoption of the new Chapter. It asserts that cases under that section all require that the foreign corporation be present in the state either through maintaining an office, ownership of property or its own employees or agents, and that in the instant case none of these elements are present.

Although it is true that within the framework of the prior statute the Wisconsin Supreme Court had given a most liberal construction of "doing business" the present section specifically spells out

the requirements for jurisdiction in single transactions without regard to the presence of the corporation within Wisconsin. The former requirement of "doing business" is preserved under § 262.05(1) which reads:

Sec. "262.05(1) Local presence or status. In any action arising within or without this state, against a defendant who when the action is commenced:

\*   \*   \*   \*   \*   \*

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

But jurisdiction in the instant case is not predicated on this section but on § 262.05(5). Our only question is, therefore, whether in the context of this particular litigation it is a denial of defendant's rights under the due process clause of the Fourteenth Amendment for Wisconsin to exercise *in personam* jurisdiction.

We do not propose to review the extensive body of legal writing evaluating the modern developments expanding state jurisdiction over nonresident defendants both by judicial decision and legislative enactment, since the case of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. We need only examine the Wisconsin Statute, § 262.05(5), as applied to the facts of the instant action to determine whether that standard has been met. The International Shoe Company case, supra, 326 U.S. at p. 316, 66 S.Ct. at p. 158, 90 L.Ed. 95, holds that due process requires only that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " or, as Professor G. W. Foster, Jr. in the Revision Notes printed in the 1963 Cumulative Annual Pocket Part to Volume 30, Wisconsin Statutes, annotated at p. 20, says, "a state may exercise personal jurisdiction whenever, in the context of our federal system, it is reasonable for the state to try the particular case against the particular defendant."

The International Shoe Company case, supra, involved the question of whether the activities of International Shoe Company, a Delaware corporation in the State of Washington, rendered it amenable in the courts of that state to a suit to recover payments due to the state unemployment compensation fund. Necessarily, the extent and nature of the defendant's activity was important in determining whether in the context of that particular cause of action there were sufficient contacts or ties to render it reasonable and just to enforce the obligations incurred in the state.

However, in McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, the United States Supreme Court had occasion to decide whether in an isolated or single transaction a foreign defendant was amenable to *in personam* jurisdiction. In that case, the question was whether a California statute which authorized personal jurisdiction over unlicensed foreign insurers in actions brought on policies issued to residents of the state, violated the due process clause as applied to a defendant insurer who had no other contact with California other than the contract sued on. The policy had been solicited by mail and the payments made by mail by plaintiff. Thus, the defendant had done no acts in California. These contacts were held sufficient to satisfy the due process requirements. The court there said:

"It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State \* \* \*. The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died."

In the case at bar, the plaintiff purchased from the defendant, through a manufacturer's representative, certain valves which were shipped by defendant into Wisconsin, in response to plaintiff's

order. Applying the standards of the International Shoe Company and McGee cases, supra, it is the court's opinion that this is a sufficient minimum contact with the State of Wisconsin, the forum state, and to require DeZurik to defend a cause of action arising out of this sale and delivery of goods does not offend traditional notions of justice and fair play. It is entirely reasonable to expect a corporation which authorizes a manufacturer's representative to solicit orders for the sale of its products in the state and which delivers its product to a Wisconsin plaintiff pursuant to such order to defend an action brought by a buyer in this state for damages for an alleged breach of warranty arising out of the agreements of the parties. We reject the defendant's contention that the special interest a state has in providing redress for its residents when an insurer refuses to pay its claim is the decisive factor in the McGee case. It is true that California by its legislation manifested a special interest in enforcing insurance contracts, but the foundation of jurisdiction includes the interest a state has in providing redress in its own courts against those who incur contractual obligations with its citizens. The due process clause is violated only (1) if the state attempts to reach defendants who have had no minimum contact with the state so that it would be unreasonable and unfair to require them to respond to that state's process, or, (2) if the method of notice to the defendant is not adequate.

We are aware that in Hanson v. Denckla, 357 U.S. 235, at p. 251, 78 S.Ct. 1228, at pp. 1238–1239, 2 L.Ed.2d 1283 (1958), the United States Supreme Court stated that

> " * * * it is a mistake to assume that this trend (flexible standards of International Shoe) heralds the eventual demise of all restriction on the personal jurisdiction of state courts. * * * Those restrictions are more than a guaranty of immunity from inconvenient or distant litigation. They are a consequence

of territorial limitations on the power of the respective States."

In the Denckla case, supra, the Supreme Court found that service issuing from a Florida court on a non-resident Delaware bank, trustee of an inter vivos trust executed in Delaware was invalid for lack of due process since the bank's contacts with the donor who had become a resident of Florida were insufficient to subject the trustee bank to personal jurisdiction in a Florida action attacking the validity of the original trust. We do not view that decision as a modification of the "minimal contacts" standard. Rather, it is an application of the standard to a particular factual situation considerably different from the case at bar. As the majority opinion states, 357 U.S. at p. 253; 78 S.Ct. at pp. 1239–1240, 2 L.Ed. 2d 1283:

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

In the case at bar, the delivery of goods to this state pursuant to an order secured by an authorized representative of its products can scarcely be considered unilateral activity by the plaintiff.

We have considered carefully the cases from other jurisdictions which have held a single transaction insufficient to satisfy the requirements of due process. In some instances the facts are materially different; in others, the state statute involved is not as far reaching; in still others, the courts seem unwilling to depart from the conventional tests of doing business. In any event, they are not binding on this court. See especially, Erlanger Mills, Inc. v. Cohoes Fibre

Mills, 4 Cir., 239 F.2d 502; Springs Cotton Mills v. Machinecraft, D.C., 156 F.Supp. 372 (1957); Chassis-Trak, Inc. v. Federated Purchaser, Inc., D.C., 179 F.Supp. 780 (1960); Morgan v. Heckle, D.C., 171 F.Supp. 482; Grobark v. Addo Machine Co., 16 Ill.2d 426, 158 N.E.2d 73 (1959); for cases sustaining jurisdiction; See Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 107 N.W. 2d 381; Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670; McMenomy v. Wonder Bldg. Corp., D.C., 188 F.Supp. 213 (1960); Superior Distributing Corp. v. Hargrove (Oklahoma) 312 P.2d 893; Enco Inc. v. F. C. Russell Co. (Oregon) 311 P.2d 737 (1957); Berlemann v. Superior Distributing Co., 17 Ill.App.2d 522, 151 N.E.2d 116 (1958).

Defendant in its reply brief relies particularly on the Grobark case, supra, subsequently cited by the Seventh Circuit in Trippe Mfg. Co. v. Spencer Gifts, Inc., 7 Cir., 270 F.2d 821. In the Grobark case, plaintiffs, purchasers of non-resident defendant corporation's machines brought on action for breach of a distributorship contract. Defendant was not licensed to do business in Illinois and sales were consummated by defendant's acceptance of orders in New York. The majority decision held that there were insufficient minimal contacts to satisfy constitutional requirements of due process. Although the instant case can be distinguished on its facts, we are constrained to agree with the dissenting opinion of Justice Davis in which he says:

" * * * [A]s I read the opinion in the case at bar, I cannot but believe that this court is again dealing with the early historic legalistic definition of 'doing business' rather than with the concept of 'minimal contacts' established in International Shoe and McGee." 158 N.E.2d 73 at p. 81.

The Illinois statute involved does not state with particularity the contacts necessary to sustain jurisdiction. Section 17 of the Illinois Civil Practice Act, Ill.Rev.Stat. 1961, c. 110, § 17, provides:

"§ 17 (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts: "(a) The transaction of any business within this State;"

In Trippe Mfg. Co. v. Spencer Gifts, Inc., 7 Cir., 270 F.2d 821, the Seventh Circuit in denying jurisdiction of a nonresident defendant in an unfair competition suit, relies on the Illinois Supreme Court's construction of the Illinois statute in the Grobark case but does not reach the constitutional issue.

The court therefore finds that the service of process in this case is valid and the Wisconsin Statute as applied to this particular litigation is not a violation of the due process clause of the Constitution.

Defendant's third ground for its motion, that venue is improper under 28 U.S.C. § 1391(c) is also without merit. A diversity case may be commenced in any District where plaintiff or defendant resides. Plaintiff is a resident of Wisconsin and hence, having found defendant amenable to process under § 262.05(5), Wisconsin Statutes, the case is properly in this District.

For the foregoing reasons,

Now, therefore, it is ordered:

1. The motion of the defendant to quash service of the summons and to dismiss the complaint be and it is hereby denied.