Baron v. Lenzi                                    CV-99-463-SD   01/21/99
                       UNITED STATES DISTRICT COURT FOR THE

                             DISTRICT OF NEW HAMPSHIRE

Barbara Baron

        v.                                        Civil No. 98-463-SD

Albert F. Lenzi;
Lenzi Catering Co., Inc.


                                 O R D E R


        In this diversity action, plaintiff Barbara Baron asserts a

state law claim of negligence against defendant Albert F. Lenzi

for injuries Baron sustained when Lenzi's vehicle collided with

the rear of Baron's vehicle.  Baron also seeks relief against

defendant Lenzi Catering Co., Inc.("Lenzi Catering") under the

theory of *respondeat superior*.  Currently before the court is

defendants' motion to dismiss for lack of personal jurisdiction

and improper venue, to which plaintiff has failed to respond.


                                 Background

        This lawsuit arises from an automobile collision that took

place August 1, 1995, in Lowell, Massachusetts.  According to the

complaint, a vehicle driven by Lenzi and owned by Lenzi Catering

collided with the rear of Baron's vehicle.  At the time of the

collision, Lenzi was making a delivery to a function at the

Lowell Elks Club.  Baron filed this lawsuit to recover damages

for bodily injury and emotional distress that she alleges resulted from the collision.

Baron is a resident of Penacook, New Hampshire. At the time of the collision, her vehicle was registered in New Hampshire. Lenzi, a resident of Lowell, Massachusetts, is a co-owner of Lenzi Catering, a Massachusetts corporation. At the time of the collision, the Lenzi vehicle was owned by Lenzi Catering and registered in Massachusetts. Lenzi Catering's only place of business is Lowell, Massachusetts, and it derives less than one percent of its revenue from New Hampshire transactions.

## Discussion

### 1. Standard of Review

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating that it is proper for the court to assert jurisdiction. See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). To meet this burden, plaintiff must make a prima facie showing that jurisdiction is appropriate by offering "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). When a plaintiff offers written allegations of jurisdictional facts, those facts will be construed in plaintiff's favor. See Kowalski

2

v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 9 (1st Cir. 1986).

2. Personal Jurisdiction

There are two routes by which the court may arrive at personal jurisdiction, namely, general jurisdiction and specific jurisdiction. "'General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" Foster-Miller, 46 F.3d at 138, 144 (1st Cir. 1995) (quoting United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). It is evident from the record that plaintiff has not produced sufficient evidence to establish a prima facie showing of continuous and systematic New Hampshire activities by either Lenzi or Lenzi Catering sufficient to support general jurisdiction.

When general jurisdiction is lacking, specific jurisdiction must be considered. See Foster-Miller, supra, 46 F.3d at 144. "Specific jurisdiction focuses on the legal sufficiency of the specific interactions that gave rise to the cause of action." See id. To establish specific personal jurisdiction, plaintiff must prove two things: "first, that the forum in which the federal district court sits has a long-arm statute that purports

to grant jurisdiction over the defendant, and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution."  See id.

### a.  The New Hampshire Long-Arm Statutes

The New Hampshire long-arm statute applicable to individual defendants, and thus to Lenzi, is New Hampshire Revised Statutes Annotated (RSA) 510:4, I (Supp. 1997).  To establish personal jurisdiction over Lenzi, Baron must prove that her claim arises from a business transaction within this state, a tortious act within this state, or the ownership, use, or possession of real or personal property situated in this state.  See id.  In this case, Baron has failed to offer  any evidence that Lenzi satisfies any of the criteria of this statute.  Thus the court is not persuaded to exercise personal jurisdiction over Lenzi.

The court next considers the New Hampshire long-arm statute applicable to Lenzi Catering.  The state long-arm statute governing the exercise of jurisdiction over unregistered foreign corporations is RSA 293-A:15.10 (Supp. 1997).  "That statute includes no restriction upon the scope of jurisdiction available under state law and thus authorizes jurisdiction over such entities to the full extent permitted by the federal Constitution."  Sawtelle, supra, 70 F.3d at 1388.  Accordingly, the personal jurisdiction inquiry for Lenzi Catering collapses

into the single question of whether the constitutional requirements of due process have been met. See id.

The First Circuit employs a tripartite analysis to determine whether contacts with a forum state are sufficient to permit the exercise of specific personal jurisdiction under the Fourteenth Amendment due process concern. See id.

> "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable."

Id. (quoting 163 Pleasant St. Corp., supra, 960 F.2d at 1089).

The relatedness requirement "serves the important function of focusing the court's attention on the nexus between a plaintiff's claim and the defendant's contacts with the forum." Id. Thus plaintiff must prove that her claim arises directly out of specific contacts between the defendant and the forum state before the court will exercise personal jurisdiction over the defendant. Id.

The collision between Baron and Lenzi occurred completely within the state of Massachusetts. Because plaintiff has not provided sufficient evidence to prove that the Massachusetts

5

collision had any relation to New Hampshire activities, there can be no personal jurisdiction in New Hampshire. Because the court finds that Baron's claim is not related to in-forum activities conducted by Lenzi, the first part of the tripartite test is not satisfied, and the court need not go further.

### 3. Defendants' Motion to Dismiss for Improper Venue

Before the court considers the question of venue in a civil action, the court must have personal jurisdiction over the defendant. Personal jurisdiction must be found before it becomes necessary for the court to reach the question of venue. See, e.g., Bookout v. Beck, 354 F.2d 823, 825 (9th Cir. 1965); U.S. ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir. 1969). Therefore, in this case, the court's lack of personal jurisdiction is dispositive of the question of venue.

### Conclusion

For the foregoing reasons, this court grants defendants' motion to dismiss for lack of personal jurisdiction and improper venue (document 7). The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 21, 1999
cc: John G. Vanacore, Esq.
    Eric A. Kane, Esq.

6